## Catterson's Appeal.

1. An order of the Orphans' Court striking off a withdrawal by a widow, of her claim to $300, out of her husband's estate, is a mere interlocutory order, and no appeal will lie therefrom.

2. *Semble*, that a widow has a right to withdraw her claim to said sum at any time before it is actually set apart to her.

3. White ' Deer Township's Appeal, 38 Legal Intelligencer 285, approved.

February 21st 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, STERRETT and GREEN, JJ. TRUNKEY, J., absent.

APPEAL from the Orphans' Court of *Wayne county :* Of January Term 1882, No. 276.

Appeal of John Catterson from an order of the Orphans' Court of Wayne county, striking off the withdrawal of an application by Rosa Stevens, widow of Alanson Stevens, to have $300 appraised and set apart to her out of her husband's estate.

The facts of the case were as follows: On February 22nd 1877 Alanson Stevens died seised, inter alia, of a one-half interest in a certain tract of land, of about sixty-one acres, in Sterling township. Rosa Stevens, wife of said Alanson, subsequently became a pauper, and a charge upon the township.

At the time of the death of Alanson Stevens, one John Catterson held a judgment against him in the sum of $700. On August 2d 1878, this judgment was duly revived by scire facias against the administrator, and on the following day a fi. fa. was issued thereon, directed against decedent's interest in the farm in Sterling township.

On August 15th 1878, on application of the overseers of the poor of Stirling township and of the widow, the Orphans' Court stayed the fi. fa. until the widow should have the sum of $300 appraised to her and set apart out of the real estate. Appraisers were appointed, who on September 5th 1881 filed an appraisement of the whole of decedent's interest in the farm at $300. The same day the widow filed an acceptance of the appraisement. On October 8th 1881, before absolute confirmation thereof by the court, the following withdrawal of the application for the appraisement was filed :

"For and in consideration of the sum of twelve dollars, to me in hand paid by John Catterson, of Sterling township, Wayne County, Pa., a judgment creditor of Alanson Stevens, deceased, as well as for other good and valuable considerations, I hereby withdraw my application for the appraisement to me of property to the value of three hundred dollars,

[Catterson's Appeal.]

from the estate of said Alanson Stevens, deceased, filed in the above stated case, and agree to make no further demand or claim for said appraisement, and hereby authorize the clerk of the Orphans' Court of Wayne county, to file this withdrawal of record in the case. Witness my hand and seal the day of October, A. D., 1881.

Her<br>
" ROSE x STEVENS.     [Seal.]"<br>
Mark.

On October 25th 1881, the overseers of the poor made application to have the withdrawal stricken off. They averred that all the proceedings theretofore taken in the matter of the appraisement and exemption had been instituted by them, and that Rose Stevens had readily signed all papers presented by them to her, with the understanding that the proceedings were to be for their use. They further averred that the signature of said Rosa to the above withdrawal had, they believed, been obtained from her without any understanding upon her part of the nature of the instrument, she being of weak mind. Appended to this application was an affidavit by Rosa Stevens, stating, inter alia, " that she never intended to sign any paper withdrawing her claim for the three hundred dollars, and that the purported withdrawal by her, dated in October 1881, was signed by her without understanding the nature thereof, and the effect of so doing. That she has heretofore voluntarily turned over unto the poor-masters of Sterling this claim of three hundred dollars, so far as she could do so, and allowed them to proceed for her in the matter, and that she never intended to sign any paper which would in any way interfere with having the three hundred dollars set apart as claimed out of the real estate of her deceased husband, and further saith not."

The court, after argument, granted the application and struck off the withdrawal, whereupon John Catterson took this appeal, assigning for error the decree of the court.

*George S. Purdy*, for the appellant.—The widow had a perfect right to withdraw her application. The act granting her the exemption of three hundred dollars is in pari materia with the exemption act of 1849 : Neff's Appeal, 9 Harris 247; Davis' Appeal, 10 Casey 257 ; Hufman's Appeal, 31 P. F. Smith 331; Morris *v.* Shafer, 12 Norris 491. She had a right to waive her claim at any time before the property exempted was set out for her: Biddle *v.* Moore, 3 Barr 178 ; Kyle and Dunlap's Appeal, 9 Wright 353 ; Appeal of the Overseers of White Deer Township, 38 Leg. Int. 285.

The widow had no right to assign her claim. An assign-

[Catterson's Appeal.]

ment was tantamount to an abandonment: Bowyer's Appeal, 9 Harris 214; Shelly's Appeal, 12 Casey 373; Pittman's Appeal, 12 Wright 315; Frances' Estate, 25 P. F. Smith 222; Crozier's Appeal, 9 Norris 388.

*E. C. Hamlin*, for the appellees.—The withdrawal was evidently procured by fraud. The widow, having by her acts induced the overseers to expend time and money in pushing her claim, was estopped from filing a withdrawal: Dezell *v.* Odell, 3 Hill (N. Y.) 219; Beaupland *v.* McKeen, 4 Casey 124; Commonwealth *v.* Moltz, 10 Barr 531; Miller's Appeal, 3 Norris 391; Wise *v.* Rhodes, 3 Norris 402; Klein *v.* Caldwell, 10 Norris 144; Young *v.* Babilon, 10 Norris 280.

Chief Justice SHARSWOOD delivered the opinion of the court, March 6th 1882.

If, as is alleged, the court below made absolute the rule to strike off the widow's withdrawal of her claim for $300 under the Act of April 14th 1851, § 5, Pamph. L. 613, on the ground that she had no right to withdraw it, we think it was an error, as contrary was held by this court in White Deer Township's Appeal, 38 Legal Intell. 285. But the ground of the action of the court does not appear of record. The order of the court is simply that the widow's withdrawal be stricken off. The record shows affidavits and depositions. There is an affidavit of the widow herself averring " that she never intended to sign any paper withdrawing her claim for the $300, and that the purported withdrawal by her dated in October 1881, was signed by her without understanding the nature thereof, and the effect thereof." Non constat that this was not the ground of the order. But however it may have been, it is clear that this was but an interlocutory order, and no appeal lies to this court except from the final decree of distribution. The appellant may appeal from that decree if the money is eventually awarded to the widow.

Appeal quashed.